JOHN HOSMER & another *vs*. RALPH WARNER.

A respondent to a complaint under the mill act, by paying money into court for damages already incurred, and offering to pay a certain sum annually for future damages, admits the complainant's right of action, and cannot afterwards rely on a plea in bar, previously filed, denying such right.

COMPLAINT under the Rev. Sts. *c*. 116, for maintaining a water mill and dam across Wright's Brook in Concord, and thereby flowing land of the complainants.

The respondent pleaded in bar, that the complainants had no estate or interest in the land alleged to be flowed; and that he had a right to maintain his dam. He afterwards brought into court and tendered to the complainants fifteen dollars for damages previously incurred, and offered to pay the complainants ten dollars annually for future damages.

The court of common pleas, upon the complainant's motion, issued a warrant for a jury to assess damages; and the respondent appealed.

*B. F. Butler*, for the respondent. The payment into court and offer of future damages, under the Rev. Sts. *c*. 116, § 41, to protect the respondent against costs, were no waiver of his right to a trial by jury upon the plea in bar, under §§ 8, 9. The plea and tender are equivalent to an admission that the respondent overflows the premises described in the complaint, and a denial that the complainants are the owners thereof.

*G. M. Brooks*, for the complainants.

BIGELOW, J. The principles laid down and illustrated in *Bacon* v. *Charlton*, 7 Cush. 581, are decisive of the question raised in this case. The tender by the respondent of a certain sum for past damages, and a further sum for future annual damages, under the Rev. Sts. *c*. 116, § 41, was a technical admission of everything which the complainants might otherwise have been compelled to prove in order to entitle themselves to a warrant for a jury to assess their damages. After such tender, the respondent could not rely on his plea in bar. He was

estopped to deny the right or interest of the complainants in the land alleged to be flowed, and to assert his own right to maintain his dam, without compensation to the complainants, at the height to which it was raised when the flowing took place. The only question open between the parties, after the tender, was the amount of damages; and the complainants, not having accepted the sum tendered, but electing to proceed in the suit to recover greater damages, were entitled to a warrant for a jury.

*Judgment affirmed.*